**KINGSLEY & KINGSLEY, APC**
ERIC B. KINGSLEY, Esq., Cal. Bar No. 185123
eric@kingsleykingsley.com
KELSEY M. SZAMET, Esq., Cal. Bar No. 260264
kelsey@kingsleykingsley.com
16133 Ventura Blvd., Suite 1200
Encino, CA 91436
Telephone: (818) 990-8300
Fax: (818) 990-2903

**ANTICOUNI & ASSOCIATES**
A Professional Corporation
Bruce N. Anticouni (*State Bar No.: 050022*)
Nicole K. Ricotta (*State Bar No.: 283370*)
201 N. Calle Cesar Chavez, Suite 105
Santa Barbara, CA 93103
Telephone: (805) 845-0864
Fax: (805) 845-0965

Attorneys for Plaintiff and the Proposed Class

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL PRICE, an individual, on behalf of himself and others similarly situated<br><br>PLAINTIFF,<br><br>v.<br><br>FOSS MARITIME COMPANY; and DOES 1 thru 50, inclusive,<br><br>DEFENDANTS. | CASE NO.  4:18-cv-05910-KAW<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>1. Failure to Pay Wages and/or Overtime Under Labor Code §§ 510, 1194, and 1199<br>2. Failure to Provide Meal Periods Under Labor Code §226.7 and 512<br>3. Penalties Pursuant to Labor Code § 203<br>4. Violation of Business & Professions Code § 17200<br>5. Labor Code § 2699, et seq. |

Plaintiff MICHAEL PRICE, an individual, on behalf of himself, all others similarly situated, complains of Defendant FOSS MARITIME COMPANY ("Defendant") and each of them, as follows:

## I.

## INTRODUCTION

1. This is a Class Action, pursuant to the Federal Rules of Civil Procedure, Rule 23, on behalf of Plaintiff and a Proposed Class defined:

> All employees who worked one or more shifts as a boat captain, junior captain, or crew member on a sea bearing vessel for FOSS MARITIME COMPANY, in the State of California since four (4) years prior to the filing of this action to the present. ("Proposed Class")

2. From at least four (4) years prior to the filing of this action continuing to the present, Defendant has had a consistent policy of failing to pay wages and/or overtime to all Proposed Class Members when they work more than eight hours in a day or forty hours in a week. Plaintiff and other Proposed Class members were not properly compensated for all hours worked at the appropriate rate of pay.

3. From at least four (4) years prior to the filing of this action and continuing to the present, Defendant has had a consistent policy of failing to inform Proposed Class Members of their right to take meal periods by way of a lawful policy and requiring Proposed Class Members within the State of California, including Plaintiff, to work at least five (5) hours without a timely meal period and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the meal period is not provided or provided after five (5) hours, as required by California state wage and hour laws.

4. For at least four (4) years prior to the filing of this action continuing to the present, Defendant has had a consistent policy of failing to inform Proposed Class Members of their right to take second meal periods by way of a lawful policy and of requiring all Proposed Class Members to work at least ten (10) hours without a second meal period. Additionally, Defendant has failed to pay such employees one (1) hour of pay at the employee's regular rate of compensation for each workday that the second meal period is not provided or provided after ten (10) hours, as required

by California state wage and hour laws.

5. For at least three (3) years prior to the filing of this action continuing to the present, Defendant has failed to pay all wages due at the time of termination or resignation to Plaintiff and the Proposed Class.

6. Plaintiff, on behalf of himself and all Proposed Class Members brings this action pursuant to Labor Code §§ 201, 202, 203, 226.7, 510, 512, 1194, and 1199; Wage Order 09-2001; and California Code of Regulations, Title 8, Section 11090, seeking unpaid wages/overtime, other penalties, injunctive and other equitable relief, and reasonable attorneys' fees and costs.

7. Plaintiff, on behalf of himself and all Proposed Class Members, pursuant to Business & Professions Code §§ 17200-17208, also seeks injunctive relief, restitution, and disgorgement of all benefits Defendant enjoyed from its unlawful conduct as described herein.

8. From at least one (1) year prior to the date of the letter sent to the Labor Workforce Development Agency and Defendant giving notice of the claims pursuant to Labor Code § 2699, *et seq*. ("PAGA") and continuing to the present, Defendant has violated several Labor Code sections that give rise to a claim pursuant to PAGA. Plaintiff brings this cause of action on behalf of himself and all aggrieved employees as defined in his notice letter to the LWDA. (See Exhibit "1.")

## II.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over all causes of action asserted herein pursuant to 28 U.S.C. sections 1332 and 1441 because it is a civil action between citizens of different states and in which the matter in controversy, exclusive of interest, exceeds $75,000..

10. Venue as to each Defendant is proper in this judicial district, pursuant to 28 U.S.C. section 1391(d) because Defendant operates within California, ,does business within this district, and the actions alleged took place in this district.

## III.

## PARTIES

**A.   PLAINTIFF**

11. Plaintiff MICHAEL PRICE is a resident and citizen of California.

12. Plaintiff and all Proposed Class members, were regularly required to:

    a. Work without being paid for all hours at the appropriate overtime rate;

    b. Work without being provided first and second meals periods as required;

13. Defendant willfully failed to compensate Plaintiff and all Proposed Class members for wages at the termination of their employment with Defendant.

14. As a result of this conduct, Defendant has engaged in unfair competition and unlawful business practices.

15. Plaintiff and all current and former employees are aggrieved employees within the meaning of Labor Code § 2699, *et seq*. (See Labor Code § 2699(c).)

**B. DEFENDANTS**

16. Defendant FOSS MARITIME COMPANY is believed to be a Washington corporation operating within the State of California. Defendant's corporate address is believed to be 1191 2nd Avenue, Suite 1800, Seattle, WA. Upon information and belief, Defendant employed Plaintiff and similarly situated persons as hourly employees within California. Defendant has done and does business throughout the State of California.

17. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 to 50, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure § 474. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

18. Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants. Furthermore, Defendants in all respects acted as the employer and/or joint employer of Plaintiff and the Proposed Class Members.

19. Furthermore, Defendants acted in all respects as the employers or joint employers of the Proposed Class. Defendants, and each of them, exercised control over the wages, hours or working conditions of the Proposed Class, or suffered or permitted the Proposed Class to work, or engaged, thereby creating a common law employment relationship, with the Proposed Class. Therefore, Defendants, and each of them, employed or jointly employed the Proposed Class.

## IV.

## FACTUAL BACKGROUND

20. Plaintiff and the Proposed Class are, and at all times pertinent hereto, have been classified as non-exempt employees by Defendant. Defendant hires employees who work as hourly employees who are paid on an hourly basis.

21. Upon information and belief, Plaintiff and the Proposed Class are covered by California Industrial Welfare Commission Occupational Wage Order No. 09-2001 (Title 8 Cal. Code of Regs. § 11090).

22. On a regular and consistent basis, Plaintiff and the Proposed Class members were not paid at the proper rate of compensation. Plaintiff and Proposed Class members were not properly compensated for all wages at the appropriate rate of pay because Defendant failed to compensate them at the appropriate overtime rate when they worked over eight hours in one day or forty hours in one week.

23. Defendant failed to inform Plaintiff and the members of the Proposed Class of their right to take compliant first and second meal periods by way of a lawful policy.

24. Plaintiff and all Proposed Class Members have been forced by Defendant to work over five (5) hours in one day without being provided with a timely thirty (30) minute uninterrupted first meal break and not being compensated one (1) hour of pay at the regular rate of compensation for each workday that a meal period was not provided or provided after five (5) hours, all in violation of California labor laws, regulations, and Industrial Welfare Commission Wage Orders.

25. Plaintiff and all Proposed Class Members have been forced by Defendant to work over ten (10) hours in one day without being provided a second thirty (30) minute uninterrupted meal break period(s) and not being compensated one (1) hour of pay at the regular rate of

compensation for each workday that a second meal period was not provided or provided after ten (10) hours, all in violation of California labor laws, regulations, and Industrial Welfare Commission Wage Orders. Additionally, Defendant failed to inform Plaintiff and the Proposed Class of their right to take second meal periods by way of a lawful policy.

26. Defendant willfully failed to pay wages and compensation, when Plaintiff and all Proposed Class Members quit or were discharged. This failure was willful, without legal justification, and interfered with Plaintiff's and Class Members' rights.

27. As a result of the facts alleged above, Defendant has engaged in unfair competition and unlawful business practices.

28. As a result of the acts alleged herein, Defendant violated Labor Code § 2699, *et seq*.

## V.

## CLASS ACTION ALLEGATIONS

29. Plaintiff brings this action on behalf of himself and all others similarly situated as a Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure("FRCP"). Plaintiff seeks to represent a proposed class composed of and defined as follows:

> All employees who worked one or more shifts as a boat captain, junior captain, or crew member on a sea bearing vessel for FOSS MARITIME COMPANY, in the State of California since four (4) years prior to the filing of this action to the present. ("Proposed Class")

30. Plaintiff reserves the right under FRCP 23(c) to amend or modify the class description with greater specificity, by division into subclasses, or by limitation to particular issues.

31. This action has been brought and may properly be maintained as a class action under the provisions of FRCP Rule 23 because there is a well-defined community of interest in the litigation and the Proposed Class and all of the requirements under FRCP Rule 23(a) have been met, discussed in greater detail below.

///

### A. **NUMEROSITY**

32. The potential members of the Proposed Class as defined are so numerous that joinder of all the members of the Proposed Class is impracticable. While the precise number of proposed Class Members has not been determined at this time, Plaintiff is informed and believes that Defendant currently employ, and during the relevant time periods employed over 50 members of the Proposed Class.

33. Plaintiff alleges that Defendant's employment records would provide information as to the number and location of all Proposed Class Members. Joinder of all members of the Proposed Class is not practicable.

### B. **COMMONALITY**

34. There are questions of law and fact common to the Proposed Class that predominate over any questions affecting only individual Proposed Class Members. These common questions of law and fact include, without limitation:

   a. Whether Defendant failed to pay wages and/or overtime compensation as required by the Labor Code and Wage Orders under Labor Code §§ 510, 1194, and 1199;

   b. Whether Defendant violated Labor Code § 226.7 and IWC Wage Order 09-2001 or other applicable IWC Wage Orders, by failing to inform Plaintiff and the Proposed Class of their right to take all required meal periods and by failing to provide such required meal periods throughout the term of employment and failing to compensate said employees one (1) hours wages in lieu of meal periods;

   c. Whether Defendant violated §§ 201-203 of the Labor Code by failing to pay compensation due and owing at the time that any Proposed Class Member's employment with Defendant terminated;

   d. Whether Defendant violated §17200, *et seq*. of the Business & Professions Code by engaging in the acts previously alleged; and

   e. Whether Plaintiff and the members of the Proposed Class are entitled to equitable relief pursuant to Business & Professions Code §17200, *et seq*.

   f. Whether Defendant violated Labor Code § 2699, *et seq*., by engaging in the

acts previously alleged.

### C. TYPICALITY

35. The claims of Plaintiff are typical of the claims of the Proposed Class. Plaintiff and all members of the Proposed Class sustained injuries and damages arising out of and caused by Defendant's common course of conduct in violation of laws, regulations that have the force and effect of law, and statutes as alleged herein.

### D. ADEQUACY OF REPRESENTATION

36. Plaintiff will fairly and adequately represent and protect the interests of the members of the proposed Class.

37. Counsel who represent Plaintiff and the Proposed Class are competent and experienced in litigating large employment class actions.

### E. SUPERIORITY OF CLASS ACTION

38. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Proposed Class Members is not practicable, and questions of law and fact common to the Proposed Class predominate over any questions affecting only individual members of the Proposed Class. Each member of the Proposed Class has been damaged and is entitled to recovery by reason of Defendant's illegal policy and/or practice of failing to pay all wages due and failing to pay all wages upon resignation or termination.

39. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## VI.

## FIRST CAUSE OF ACTION

### PLAINTIFF ON BEHALF OF HIMSELF AND THE PROPOSED CLASS
### FAILURE TO PAY WAGES AND/OR OVERTIME UNDER
### LABOR CODE §§ 510, 1194, AND 1199

40. Plaintiff, on behalf of himself and the Proposed Class, realleges and incorporates

by reference all previous paragraphs.

41. Labor Code §§ 510, 1194 and 1199 require an employer to compensate its employees at the rate of no less than one and one-half times the regular rate of pay for any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek.

42. Plaintiff and the Proposed Class were forced to work on a regular and consistent basis without receiving compensation for all hours worked at the proper rate. Specifically, Plaintiff and the Proposed Class were not paid at the proper overtime rate when they were working more than eight (8) hours in one day or forty (40) hours in one week. Plaintiff and the Proposed Class were regularly required to work in excess of eight (8) hours in one day or forty (40) hours in one week without receiving compensation for all hours worked at the proper rate.

43. By their policy of requiring Plaintiff and members of the Proposed Class to work in excess of eight (8) hours in a workday and/or forty (40) hours in a workweek without compensating them at the rate of one-half (1 ½) their regular rate of pay, Defendant willfully violated the provisions of Labor Code §§ 510, 1194 and 1199.

44. As a result of the unlawful acts of Defendant, Plaintiff and the Proposed Class Members have been deprived of wages and/or overtime in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs.

///

## VII.
## SECOND CAUSE OF ACTION
## PLAINTIFF ON BEHALF OF HIMSELF AND THE PROPOSED CLASS
## FAILURE TO PROVIDE MEAL PERIODS PURSUANT TO
## LABOR CODE § 226.7 AND LABOR CODE § 512

45. Plaintiff, on behalf of himself and the Proposed Class, realleges and incorporates by reference all previous paragraphs.

46. Labor Code §§ 226.7 and 512 require an employer to pay an additional hour of compensation for each meal period the employer fails to provide. Employees are entitled to a first

meal period of at least thirty (30) minutes for shifts over five (5) hours, to be provided within the first five (5) hours of the shift, and a second meal period of at least thirty (30) minutes for shifts over ten (10) hours.  If an employee is entitled to a second meal period, it must be provided after no more than ten (10) hours of work.

47. Defendant failed to maintain a policy informing Plaintiff and the Proposed Class of these rights.

48. Plaintiff and all Proposed Class Members have been forced by Defendant to work over five (5) hours in one day without being provided with a compliant, timely thirty (30) minute uninterrupted first meal break and not being compensated one (1) hour of pay at the regular rate of compensation for each workday that a meal period was not provided or provided after five (5) hours, all in violation of California labor laws, regulations, and Industrial Welfare Commission Wage Orders.

49. Plaintiff and the Proposed Class consistently worked shifts over ten (10) hours.

50. Plaintiff and all Proposed Class Members have been forced by Defendant to work over ten (10) hours in one day without being provided a compliant, timely second thirty (30) minute uninterrupted meal break period(s) and not being compensated one (1) hour of pay at the regular rate of compensation for each workday that a second meal period was not provided or provided after ten (10) hours, all in violation of California labor laws, regulations, and Industrial Welfare Commission Wage Orders.

51. Pursuant to Labor Code § 226.7, Plaintiff and the Class are entitled to damages in an amount equal to one (1) hour of wages per missed meal break, per day in a sum to be proven at trial.

## VIII.
## THIRD CAUSE OF ACTION
### PLAINTIFF ON BEHALF OF HIMSELF AND THE PROPOSED CLASS
### WAITING TIME PENALTIES UNDER LABOR CODE § 203

52. Plaintiff, on behalf of himself and the Proposed Class, realleges and incorporates by reference all previous paragraphs.

FIRST AMENDED CLASS ACTION COMPLAINT

53. Numerous members of the Proposed Class including the Plaintiff are no longer employed by Defendant. They were either fired or quit Defendant's employ.

54. Defendant's failure to pay wages, as alleged above was willful in that Defendant knew wages to be due but failed to pay them, thus entitling Plaintiff and the Proposed Class to penalties under Labor Code § 203, which provides that an employee's wages shall continue as a penalty until paid for a period of up to thirty (30) days from the time they were due.

55. Defendant has failed to pay Plaintiff and others a sum certain at the time of termination or within seventy-two (72) hours of their resignation, and have failed to pay those sums for thirty (30) days thereafter. Pursuant to the provisions of Labor Code § 203, Plaintiff and the Proposed Class are entitled to a penalty in the amount of Plaintiff's and the Proposed Class Members' daily wage multiplied by thirty (30) days.

## IX.

## FOURTH CAUSE OF ACTION

## **PLAINTIFF ON BEHALF OF HIMSELF AND THE PROPOSED CLASS**
## **UNFAIR COMPETITION PURSUANT TO BUSINESS & PROFESSIONS CODE § 17200**

56. Plaintiff, on behalf of himself and the Proposed Class, realleges and incorporates by reference all previous paragraphs.

57. This is a Class Action for Unfair Business Practices. Plaintiff, on behalf of himself, on behalf of the general public, and on behalf of the Proposed Class, bring this claim pursuant to Business & Professions Code § 17200, *et seq*. The conduct of Defendant as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Plaintiff, the general public, and the Proposed Class. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

58. Plaintiff is a "person" within the meaning of Business & Professions Code § 17204, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

59. Business & Profession Code § 17200, *et seq*. prohibits unlawful and unfair business practices.

60. California's wage and hour laws express fundamental public policies. Providing employees with proper wages and compensation are fundamental public policies of this State and of the United States. Labor Code § 90.5(a) articulates the public policies of this State to enforce vigorously minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law-abiding employers and their employees from competitors who lower their costs by failing to comply with minimum labor standards.

61. Defendant has violated statutes and public policies as alleged herein. Through the conduct alleged in this Complaint, Defendant has acted contrary to these public policies, have violated specific provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in violation of Business & Profession Code § 17200, *et seq.*, depriving Plaintiff, and all persons similarly situated, and all interested persons of rights, benefits, and privileges guaranteed to all employees under law.

62. Defendant's conduct, as alleged hereinabove, constitutes unfair competition in violation of § 17200, *et seq.* of the Business & Professions Code.

63. Defendant, by engaging in the conduct herein alleged, either knew or in the exercise of reasonable care, should have known that the conduct was unlawful. As such it is a violation of § 17200, *et seq.* of the Business & Professions Code.

64. As a proximate result of the above-mentioned acts of Defendant, Plaintiff and others similarly situated have been damaged in a sum as may be proven.

65. Unless restrained, Defendant will continue to engage in the unlawful conduct as alleged above. Pursuant to the Business & Professions Code, this court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by Defendant, its agents, or employees, of any unlawful or deceptive practices prohibited by the Business & Professions Code, and/or, including but not limited to, restitution and disgorgement of profits which may be necessary to restore Plaintiff and members of the proposed Class the money Defendant has unlawfully failed to pay.

**X.**

## FIFTH CAUSE OF ACTION

## PENALTIES PURSUANT TO LABOR CODE § 2699, ET SEQ.

66. Plaintiff, on behalf of himself and all aggrieved employees, realleges and incorporates by reference all previous paragraphs.

67. As a result of the acts alleged above, Plaintiff seeks penalties under Labor Code § 2699, et seq., because of Defendant's alleged violation of Labor Code §§ 201, 202, 203, 226.7, 510, 512, 1194, and 1199, which call for civil penalties.

68. For each such penalty, Plaintiff and the aggrieved employees are entitled to penalties in an amount to be shown at trial, subject to the following formula:

   a. $100 for the initial violation per employee per pay period.

   b. $200 for each subsequent violation per employee per pay period.

69. These penalties shall be allocated seventy-five percent (75%) to the Labor and Workforce Development Agency (LWDA) and twenty-five percent (25%) to the affected employees.

70. On August 23, 2018 in compliance with Labor Code § 2699.3(a)(1), Plaintiff gave written notice by online filing to the LWDA, setting forth the facts and theories of the violations alleged against Defendant. ("Notice Letter", see Exhibit "1"), paid the filing fee, and received an e-filing confirmation. (See Exhibit "2"). Plaintiff also mailed notice to Defendant by certified mailing, return receipt requested, to the address listed on the California's Secretary of State's website as the entity address for Defendant Foss Maritime Company, which is believed to be 1191 2nd Avenue, Suite 1800, Seattle, WA.

71. Pursuant to Labor Code § 2699.3(a)(2)(A), no notice was received by Plaintiff from the LWDA evidencing its intention to investigate within sixty-five (65) calendar days of August 23, 2018. Therefore, Plaintiff is entitled to commence a civil action as though the LWDA has chosen not to investigate. Plaintiff will also provide the LWDA with a file-stamped copy of the complaint immediately.

///

///

**RELIEF REQUESTED**

**WHEREFORE**, Plaintiff prays for the following relief:

1. An order certifying this case as a class action under FRCP Rule 23;

2. An order appointing counsel for Plaintiff as Class Counsel

3. An order appointing Plaintiff as representative of the Proposed Class

4. For compensatory damages in the amount of unpaid wages and/or overtime not paid to Plaintiff and each Proposed Class member from at least four (4) years prior to the filing of this action to the present as may be proven;

5. For compensatory damages in the amount of Plaintiff's and each Proposed Class Members' hourly wage for each meal period missed or taken late from at least four (4) years prior to the filing of this action to the present as may be proven;

6. For penalties pursuant to Labor Code §203 for all employees who were terminated or resigned equal to their daily wage times thirty (30) days;

7. An award of prejudgment and post judgment interest;

8. An order enjoining Defendant and its agents, servants, and employees, and all persons acting under, in concert with, or for it from providing Plaintiff with proper wages and/or overtime, meal periods, accurate itemized wage statements, and wages upon termination/resignation pursuant to Labor Code §§ 201, 202, 203, 226.7, 510, 512, 1194, 1199 and IWC 09-2001;

9. For restitution for unfair competition pursuant to Business & Professions Code §17200, e*t seq.*, including disgorgement or profits, in an amount as may be proven;

10. For penalties and other relief pursuant to Labor Code § 2699, *et seq.*;

11. An award providing for payment of costs of suit;

12. An award of attorneys' fees; and

13. Such other and further relief as this Court may deem proper and just.

///

///

///

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial of his claims by jury to the extent authorized by law.

DATED: November 16, 2018          KINGSLEY & KINGSLEY, APC

By: /s/ KELSEY M. SZAMET
KELSEY M. SZAMET
Attorneys for Plaintiff MICHAEL PRICE and the Proposed Class